UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X
LAURIE O'NEILL,

        Plaintiff,

    -against-

SACHEM CENTRAL SCHOOL DISTRICT,

        Defendant.
-------------------------------------------------------X
APPEARANCES:

MEMORANDUM AND ORDER

CV 06-3416

(Wexler, J.)

    LAW OFFICES OF JASON L. ABELOVE
    BY: JASON L. ABELOVE, ESQ.
    Attorneys for Plaintiff
    666 Old Country Road, suite 304
    Garden City, New York 11530

    DEVITT SPELLMAN BARRETT LLP
    BY: JELTJE DeJONG, ESQ.
    Attorneys for Defendant
    50 Route 111
    Smithtown, New York 11787

WEXLER, District Judge

    This is an employment discrimination case in which Plaintiff, formerly employed as a teacher in the Sachem School District, claims that she was subject to a hostile work environment and denied tenure in retaliation for her complaints of discrimination. Although the complaint sets forth causes of action for violation of Plaintiff's due process and equal protection rights, it appears that Plaintiff seeks to go forward only with claims based upon hostile working environment and retaliation.

    Presently before the court is Defendant's motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. Upon consideration of the papers in support of and

in opposition to the motion, this Court finds that genuine issues of material fact exist precluding the entry of summary judgment with respect to plaintiffs' claims. See Fed. R. Civ. P. 56(c) (a party seeking summary judgment must demonstrate that "there is no genuine issue of any material fact and that the moving party is entitled to a judgment as a matter of law."); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); Donohue v. Windsor Locks Bd. of Fire Comm'rs, 834 F.2d 54, 57 (2d Cir. 1987).

Included among the several questions of fact precluding summary judgment are: (1) whether the circumstances surrounding Plaintiff's employment amount to a hostile work environment; (2) whether Plaintiff utilized procedures for complaining of that environment and, (3) whether there was retaliation. The court expresses no opinion as to the merits of any of Plaintiff's allegations. The denial of summary judgment is based solely on the presence of questions of fact that cannot be decided in the context of a motion for summary judgment in this matter.

For the foregoing reasons, Defendant's motion for summary judgment is denied. The denial of the motion is without prejudice to renewal at the close of Plaintiff's case.

SO ORDERED.

LEONARD D. WEXLER
UNITED STATES DISTRICT JUDGE

Dated: Central Islip, New York
April / , 2008